UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

MERVIS E.A.M.,

           Petitioner,

v.

KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*;

TODD M. LYONS, *Acting Director, St. Paul Field Office, Immigration and Customs Enforcement*;

DAVID EASTERWOOD, *Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement*;

MELISSA B. HARPER, *Director, New Orleans Field Office, Immigration and Customs Enforcement*; and

WARDEN OF ADAMS COUNTY CORRECTIONAL CENTER, *Custodian of detainees at the Adams County Correctional Center*,

           Respondents.

Civil No. 26-861 (JRT/DTS)

**MEMORANDUM OPINION AND ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

---

Karen Venice Bryan, **KB LAW PLLC**, 4100 Excelsior Boulevard, St. Louis Park, MN 55416, for Petitioner.

Ana H. Voss, Jesus Cruz Rodriguez, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 for Respondents.

Petitioner Mervis E.A.M. is Venezuelan citizen and a Minnesota resident. (Pet. for Writ of Habeas Corpus ¶¶ 1, 5, Jan. 30, 2026, Docket No. 2.) Petitioner was admitted to the United States under the Venezuelan Humanitarian Parole program on October 13, 2023, which was valid through October 11, 2025. (*Id.* ¶¶ 30–31.) On October 13, 2024, Petitioner filed an asylum application. (*Id.* ¶ 32.) Petitioner has a valid work permit and no criminal history. (*Id.* ¶ 4.)

Petitioner was arrested and detained by United States Immigration and Customs Enforcement ("ICE") on January 5, 2026. (*Id.* ¶ 19.) He was then transferred to a detention facility in El Paso Texas. (*Id.*) On January 14, 2026, Petitioner was transferred again, this time to Adams County Correctional Center in Natchez, Mississippi. (*Id.*) Petitioner is now detained at the Kandiyohi County jail in Willmar, Minnesota. (Resp. at 2, Feb. 2, 2026, Docket No. 6.)

On January 30, 2026, Mervis E.A.M. filed a Petition for Writ of Habeas Corpus, alleging that his continued detention is unlawful and requesting that the Court order his immediate release, or alternatively, a bond hearing. (Pet. ¶¶ 51–64.) That same day, the Court issued an order (1) enjoining Respondents from transferring Mervis E.A.M. outside the District of Minnesota pending a ruling on his habeas petition, and (2) directing Respondents to file an answer by February 2, 2026. (Docket No. 4.) The Respondents answered the Petition, (Docket No. 6), and Petitioner replied (Docket No. 7).

## DISCUSSION

Respondents argue Mervis E.A.M. is an "arriving alien" by virtue of his asylum application and thus subject to mandatory detention under 8 U.S.C. § 1225(b)(1)(B)(ii). (Resp. at 2.) The subsection on which Respondents rely, § 1225(b)(1)(B)(ii), provides that "**[i]f** the [immigration] officer determines at the time of the interview that an alien has a credible fear of persecution," then "the alien shall be detained for further consideration of the application for asylum." 8 U.S.C. § 1225(b)(1)(B)(ii) (emphasis added). Respondents contend § 1225(b)(1)(B)(ii) mandates Petitioner's detention because he has applied for asylum. The Court disagrees for two reasons.

First, the record does not reflect that a credible fear interview ever occurred. Absent such an interview, Petitioner cannot be detained because the interview is a condition precedent to any subsequent detention, as § 1225(b)(1)(B)(ii) conditions detention on the occurrence of that interview by using the word "if." *See Citizen Ins. Co. of Am. v. Assessment Sys. Corp.*, Civ. No. 18-1762, 2019 WL 4014955, at *7 (D. Minn. Aug. 26, 2029) (noting that the word "if" can create a condition precedent). Second, for the reasons set forth in *Abdirashid H. M.*, § 1225(b)(1)(B)(ii) does not mandate detention of individuals seeking asylum who have been present in the United States for years, as the Petitioner has here. *See Abdirashid H. M. v. Noem*, Civ. No. 25-4779, 2026 WL 127698, at *3 (D. Minn. Jan. 9, 2026) ("[T]he Court concludes that § 1225(b)(1)(B)(ii), which provides for the initial mandatory detention of noncitizens subject to § 1225(b)(1) who are found to have a credible fear of persecution in their home country, does not authorize the

mandatory detention of that noncitizen once they have been paroled into the country and released.").[1]

The Court therefore turns to the proper remedy. In some previous cases involving this issue, the Court has concluded that a bond hearing pursuant to § 1226(a) is the appropriate remedy. However, the Court is now persuaded that where, as here, (1) Respondents erroneously assert that a detainee is being held pursuant to § 1225(b)(2) or § 1225(b)(1)(B)(ii); and (2) Respondents have not produced a warrant, as is required to effectuate an arrest pursuant to § 1226(a), the appropriate remedy is release from custody. *See, e.g.*, *Ahmed M. v. Bondi*, No. 25-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026); *Lauro M. v. Bondi*, No. 26-134, 2026 WL 115022, at *3 (D. Minn. Jan. 15, 2026); *cf. Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. . . . The typical remedy for such detention is, of course, release.").

The Court will grant Mervis E.A.M.'s petition for writ of habeas corpus and order that he be released from custody.

---

[1] Respondents also argue the Petitioner's detention is justified under § 1225(b)(2) because Petitioner applied for asylum. (Resp. at 6.) But, as other courts have recognized, the filing of an asylum application does not subject detainees, including Petitioner, to detention under § 1225(b)(2). *See, e.g.*, *Yao v. Almodovar*, Civ. No. 25-9982, 2025 WL 3653433, at *9 (S.D.N.Y. Dec. 17, 2025) (concluding that filing an asylum application does not render a noncitizen "seeking admission" under § 1225(b)(2)(A)); *Gabriel J. v. Bondi*, Civ. No. 26-865, 2026 WL 295192, at *2–3 (D. Minn. Feb. 4, 2026); *Pacheco-Acosta v. Olson*, Civ. No. 25-186, 2025 WL 3542128, at *5 (E.D. Ky. Dec. 10, 2025) (collecting cases).

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner Mervis E.A.M.'s Petition for Writ of Habeas Corpus (Docket No. [2]) is **GRANTED**, as follows:

    a. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b).

    b. If Petitioner is being detained outside of Minnesota, Respondents shall **TRANSPORT** Petitioner to Minnesota and **RELEASE** Petitioner from custody immediately.  Petitioner's release in Minnesota must occur **no later than 48 hours after the filing of this Order**.

    c. If Petitioner is being detained in Minnesota, Respondents shall **RELEASE** Petitioner from custody as soon as practicable, and **no later than 48 hours from the filing of this Order**.

    d. Given the severe weather conditions in Minnesota, Respondents are **ORDERED** to coordinate with Petitioner's counsel to ensure that upon Petitioner's release, they are not left outside in dangerous cold.  It is preferable to release Petitioner to counsel to ensure humane treatment.

    e. Respondents must release Petitioner with all personal effects, such as driver's license, passports, or immigration documents, and without conditions such as location tracking devices.

-6-

    f.  The parties shall provide the Court with a status update concerning the status of Petitioner's release by **no later than 5:00 p.m. on February 9, 2026**. Further, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation.

DATED: February 6, 2026                                                          /s/ John R. Tunheim  
at Minneapolis, Minnesota.                                     JOHN R. TUNHEIM  
                                                                                                     United States District Judge